MARY A. DAILEY, APPELLEE, v. MISSOURI PACIFIC RAILWAY COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 15, 1919.   No. 20324.

1. **Eminent Domain:** CONDEMNATION: PETITION: DESCRIPTION OF LAND. A petition to condemn the land of another for the use of a railroad is the basis of the proceeding and must accurately describe the tract sought to be condemned.

2. ———: ———: ———: ———. A petition containing inaccurate statements that are material respecting the dimensions of the land affected will render condemnation proceedings void that are held thereunder.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*J. A. C. Kennedy, Yale C. Holland* and *George L. DeLacy,* for appellants.

*Charles Battelle, contra.*

DEAN, J.

Plaintiff obtained a judgment vacating certain condemnation proceedings that involved a city lot owned by her. Title to the lot was quieted in plaintiff. Defendant appealed.

Mrs. Dailey contends, among other things, that the petition for condemnation contained inaccurate statements that are material respecting the dimensions of the lot, and because of that and other irregularities the proceedings complained of are void. Defendant insists that the proceedings were regular.

In district court it was stipulated that lot number 11 was 66 feet wide from the north to the south line, and from east to west, at the north line, it was 139.5 feet deep, and at the south line, from east to west, it was 140 feet deep. In the petition for condemnation filed with the county judge the company alleged, among other things, that "lot 11, block 6, Paddock's Place, * * * is of uneven dimensions, but is approximately 115 feet deep by 66 feet wide." The expression "uneven dimensions," as used in defendant's petition, might lead an appraiser to believe that it related to a variance in dimension much greater than the six inches difference in length of the east and west lines of the lot that is shown by the stipulation. The depth of the lot as given in defendant's petition is 25 feet less than that shown by the stipulation, a circumstance that could hardly fail to be of considerable importance to an owner, the market valuation of whose real estate, for appraisement and other purposes, is based in large part both on foot frontage and depth.

A petition containing statements so inaccurate respecting dimensions would be very apt to mislead the appraisers in the assessment of damages under the statute. Rev. St. 1913, sec. 5946. It seemse to us that the district court did not err in holding that the condemnation proceedings were void. *Omaha & R. V. R. Co. v. Rickards,* 38 Neb. 847; *Bay City B.—L. R.*

*Co. v. Hitchcock,* 90 Mich. 533. A petition to condemn the land of another for the use of a railroad is the basis of the proceeding, and before an owner over his protest can be compelled under the sovereign power of eminent domain to part with the title to his land, it is essential to the validity of the proceedings that the petition filed with the county judge under section 5946, Rev. St. 1913, accurately describe the tract sought to be condemned.

The language of the decree quieting title is perhaps a little too broad if taken literally, since it forever enjoins defendant from asserting title or interest in or to the property and from using it. Properly construed, we take its meaning to be that the defendants are enjoined only from asserting any rights to the real estate under the present condemnation proceedings, and not from exercising any rights thereto that may be lawfully derived in the future. So construed, the judgment is without reversible error and is

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.